# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (RICHMOND DIVISION)

| | |
|---|---|
| BMO HARRIS BANK N.A., | )<br>) |
| Plaintiff, | ) Case No. 3:20-cv-570<br>) |
| v. | )<br>) |
| 64 WAYS TRUCKING/HAULING LLC,<br>SHAREEF ATKINS, and<br>JERMAINE GREENE, | )<br>)<br>)<br>) |
| Defendants. | |

## VERIFIED COMPLAINT

Plaintiff, BMO Harris Bank N.A., by and through its attorneys, complains of Defendants, 64 Ways Trucking/Hauling LLC, Shareef Atkins, and Jermaine Greene, as follows:

## THE PARTIES

1. Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office located in Chicago, Illinois, as set forth in its articles of association. For jurisdictional purposes, Plaintiff is a citizen of the State of Illinois.

2. Defendant, 64 Ways Trucking/Hauling LLC ("Borrower"), is a limited liability company organized under the laws of the Commonwealth of Virginia, with its principal place of business located at 821 Old Denny St., Richmond, VA, 23231. Upon information and belief, the sole member of Borrower is Jermaine Greene, who is a citizen of the Commonwealth of Virginia. For jurisdictional purposes, Borrower is a citizen of the Commonwealth of Virginia. Jermaine Greene is also the registered agent of Borrower. The registered agent's address is 821 Old Denny St., Richmond, VA, 23231.

3. Defendant, Shareef Atkins, is an individual residing at 9217 May Day Ct., Columbia, MD 21045. Upon information and belief, Atkins is the president of Borrower.

4. Defendant, Jermaine Greene (collectively with Atkins, "Guarantors," and collectively with Atkins and Borrower, "Defendants") is an individual residing at 5734 E Hastings Arch, Virginia Beach, VA 23462.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a).

6. First, there is complete diversity of citizenship between the parties.

7. Next, as explained below, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. Lastly, the Court may exercise personal jurisdiction over the Defendants. The Borrower is a company organized under Virginia law with its principal place of business in the Commonwealth. Guarantors negotiated and executed the loan and guaranty contracts at issue, which called for performance in Virginia and concern assets located in the Commonwealth. Further, Guarantors operate Borrower from a trucking yard located at 2101 Decatur St., Richmond, VA 23224, which is located within the Richmond District of the United States District Court for the Eastern District of Virginia. Thus, the claims at issue arise from the Guarantors' transaction of business within the Commonwealth of Virginia.

9. Venue is also proper in this Court under 28 U.S.C. § 1391(b). A substantial portion of the events or omissions giving rise to the claims set forth in this lawsuit occurred within territorial boundaries of the Eastern District of Virginia. Moreover, some or all of the collateral sought to be recovered pursuant to this Verified Complaint is based from a location in the Eastern District of Virginia.

## FACTUAL BACKGROUND
## The Agreements

10. On or about January 20, 2017, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all collateral documents relating thereto, the "First Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the First Agreement is attached hereto as "**Exhibit A**." At the time Borrower executed the First Agreement its legal name was 64 Ways Trucking LLC. In February 2019, Borrower changed its name to 64 Ways Trucking/Hauling LLC through an amendment to its articles of incorporation.

11. On or about May 31, 2019, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all collateral documents relating thereto, the "Second Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the Second Agreement is attached hereto as "**Exhibit B**."

12. From time to time herein, the First Agreement and Second Agreement are referred to collectively as the "Agreements."

13. Pursuant to the Agreements, Borrower granted Plaintiff a first-priority security interest in the equipment described in the Agreements, including all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto (collectively, the "Collateral"). In summary, the Collateral is described as follows:

| Agreement | Year | Make | Model | Desc. | VIN |
|---|---|---|---|---|---|
| First | 2018 | International | HX520 | Tractor | 3HTDPAPR6JN520741 |
| Second | 2020 | Peterbilt | 567-Series | Tractor | 1NPCLPEX4LD639863 |

| | 2020 | Perterbilt | 567-Series | Tractor | 1NPCLPEX6LD639864 |

14. Plaintiff properly perfected its security interest in the Collateral by recording its lien on the Certificates of Title, recording a UCC Financing Statement, and ensuring its lien was recorded on the applicable Certificates of Origin. True and correct copies of the Certificates of Title, Certificates of Origin, and UCC Financing Statement for the Collateral are attached hereto as "**Exhibit C**."

15. To induce Plaintiff into entering the Agreements, Guarantors, as guarantors, unconditionally guaranteed the past, present, and future performance of Borrower under the Agreements. True and correct copies of the Continuing Guaranties, executed by Guarantor in favor of Plaintiff dated January 20, 2017 and May 31, 2019 (collectively, the "Guaranties"), are attached hereto as "**Exhibit D**."

16. Under the terms and conditions of the Agreements and the Guaranties, the failure to make a payment when due is considered an event of default.

**Default Under the Agreements**

17. Borrower is in default under the Agreements.

18. Borrower failed to make payments under the Agreements when those payments became due.

19. On January 24, 2020, Plaintiff notified Borrower of its default under the Agreements and of Plaintiff's election to accelerate the amounts due and owing under the Agreements. It also notified Borrower of its intent to regain possession of the Collateral.

20. Despite the express demand, Defendants have failed or refused to pay the amounts due and owing under the Agreements to Plaintiff. Thus, Borrower's defaults under the Agreements are continuing.

HB: 4851-9838-7900.5

21. Guarantors are also in default under the Guaranties.

22. Plaintiff notified Guarantors of Borrower's default and their obligation to pay the accelerated and full amount due under the Agreements on January 24, 2020. True and correct copies of Plaintiff's Notice of Default and Acceleration to Borrower and Notice of Default Respecting Guaranty to Guarantors dated January 24, 2020, are attached hereto as "**Exhibit E**."

23. Guarantors failed to make payments under the Agreements when those payments became due. Guarantor's defaults under the Agreements and the Guaranties are continuing.

24. Because of Borrower's defaults, Plaintiff elected to accelerate the amounts due and owing under the First Agreement effective March 10, 2020, and the amounts due and owing under the Second Agreement effective March 1, 2020.

25. Under the Agreements, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1 1/2%) per month or the maximum rate not prohibited by applicable law. Interest is calculated based on a 360-day year consisting of twelve 30-day months.

26. In addition, under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

27. In addition, under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

28. In addition, under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

29. Under the Guaranties, Guarantors are obligated to pay all amounts due and owing by Borrower to Plaintiff under the Agreements, without limitation.

HB: 4851-9838-7900.5

30. Calculated as of March 10, 2020, the amount due and owing under the First Agreement, including accrued interest and fees, but not including attorney's fees and expenses or cost of collection, is an amount not less than $115,800.64.

31. Calculated as of March 1, 2020, the amount due and owing under the Second Agreement, including accrued interest and fees, but not including attorney's fees and expenses or cost of collection, is an amount not less than $405,107.26.

32. Thus, the total amount owed under the Agreements, including accrued interest and fees, but not including attorney's fees and expenses or cost of collection, is an amount not less than $520,907.90.

33. Pursuant to the Agreements, upon Borrower's default thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

34. Borrower, however, remains in possession of the Collateral.

35. Despite Plaintiff's demand, Borrower has failed or refused to return possession of the Collateral to Plaintiff.

36. The Agreements and Guaranties expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

37. Plaintiff has performed any and all conditions and obligations required of them under the Agreements and the Guaranties.

## COUNT I
### (Injunctive Relief)

38. Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

39. Borrower continues to possess and utilize, or is capable of utilizing, the Collateral for commercial purposes.

HB: 4851-9838-7900.5

40. On any given day the Collateral is located, or is capable of being located, in diverse places throughout Virginia and surrounding states.

41. The Collateral is used to transport goods across the country and may not be in any one location for any prolonged period of time.

42. The Collateral depreciates and deteriorates as a result of its continued use by Borrower, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Borrower.

43. Borrower has or should have in place capabilities to identify, locate, and surrender the Collateral, which capabilities may now be breaking down.

44. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Collateral; (b) ordered to advise Plaintiff of the location of the Collateral; and (c) ordered to surrender the Collateral to Plaintiff.

WHEREFORE, Plaintiff prays that:

a. Borrower and other persons and firms having knowledge of the injunction, including without limitation the officers and directors of Borrower having knowledge of the injunction, be temporarily, preliminarily, and permanently enjoined from using the Collateral as of the date of entry of the injunction order;

b. Borrower be ordered to disclose to Plaintiff the precise location of the Collateral in order for Plaintiff to reclaim it;

c. Borrower be ordered to recover the Collateral in the hands of third parties for delivery to Plaintiff;

d. Borrower be temporarily, preliminarily, and permanently enjoined from restricting access of Plaintiff to the Collateral; and

e. Plaintiff be granted such other and further relief as shall be just and equitable.

## COUNT II
### (Specific Performance)

45. Plaintiff incorporates and realleges all preceding paragraphs in this Count II.

46. In the event of default by Borrower under the Agreements, Borrower is obligated to return the Collateral at its expense to any location that Plaintiff directs.

47. In the event of default by Borrower under the Agreements, Plaintiff is entitled to take possession of the Collateral or direct Borrower to remove it to a place deemed convenient by Plaintiff.

48. In the event of default by Borrower under the Agreements, Plaintiff is entitled to repossess and remove the Collateral, wherever located.

49. Plaintiff has performed its obligations under the Agreements, and is ready, willing, and able to perform under the Agreements.

50. Despite demand by Plaintiff, Borrower has failed to cure its defaults under the Agreements and has failed to return the Collateral.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Borrower, directing Borrower to specifically perform its obligations under the Agreements, and to return and allow the removal of the Collateral, and that Plaintiff be granted such other and further relief as shall be just and equitable.

## COUNT III
### (Breach of Contract against Borrower)

51. Plaintiff incorporates and realleges all preceding paragraphs in this Count III.

52. The Agreements are valid and fully enforceable contracts between Borrower and Plaintiff.

53. Plaintiff has performed all terms and conditions to be performed by Plaintiff pursuant to the Agreements.

54. Borrower has not performed all the terms and conditions to be performed by Borrower pursuant to the Agreements and is in breach thereof.

55. Plaintiff has suffered damages due to Borrower's breach.

56. Plaintiff is entitled to contractual money damages from Borrower.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower in the amounts due under the Agreements, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

## COUNT IV
### (Breach of Guaranty against Guarantor)

57. Plaintiff incorporates and realleges all preceding paragraphs in this Count IV.

58. The Guaranties are valid and fully enforceable contracts between Guarantors and Plaintiff.

59. Plaintiff has performed all terms and conditions to be performed by Plaintiff pursuant to the Guaranties.

60. Guarantors have not performed all the terms and conditions to be performed by them pursuant to the Agreements and the Guaranties and are in breach thereof.

61. Plaintiff has suffered damages due to Guarantors' breach.

62. Plaintiff is entitled to contractual money damages from Guarantors.

HB: 4851-9838-7900.5

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Guarantors in the amount due under the Agreements and the Guaranties, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

## COUNT V
### (Detinue in the Alternative to other Counts)

63. Plaintiff incorporates and realleges all preceding paragraphs in this Count V.

64. Plaintiff states that it is entitled under Illinois and Texas law, which is applicable pursuant to the express agreement of the parties as set forth in the Agreements, to recover the Collateral and to recover contract damages. To the extent this Court determines that pre-judgment relief to recover possession of the Collateral is not available under such laws or that Virginia law must be invoked in whole or in part to grant or facilitate the full relief requested, Plaintiff brings this Count in the alternative.

65. All requests for replevin under Virginia common law are now encompassed by Virginia Code § 8.01-114, the statue for detinue actions, as made applicable herein pursuant to Federal Rule of Civil Procedure 64.

66. Plaintiff and Borrower entered into the Agreements, whereby Plaintiff financed Borrower's purchase of the Collateral.

67. Plaintiff has a first-priority, perfected security interest in the Collateral.

68. The fair market value of the Collateral, based on the best knowledge, information and belief of Plaintiff, and in the absence of an inspection and assuming that the Collateral is in immediately salable condition, and for purposes of setting a bond amount only, is approximately $295,460.

69. Borrower failed to make payments as required by the Agreements and is in default.

70. Pursuant to the terms of the Agreements, because of Borrower's default, Plaintiff is entitled to immediate possession of the Collateral.

71. Thus, pursuant to Va. Code § 8.01-114 *et seq.*, Plaintiff is entitled to an order granting it immediate possession of the Collateral and to recover the same from Borrower.

72. The Collateral is wrongfully detained by Borrower.

73. Upon information and belief, the Collateral is based out of the following location: 2101 Decatur St., Richmond, VA 23224. Given the mobile nature of the Collateral, however, it is unlikely to be present at this location at any given time.

74. The Collateral will materially decline in value between the time of filing of this Complaint and the time final judgment may be had; Plaintiff has a special interest in the Collateral; and absent prejudgment relief there exists probable cause of Plaintiff losing the remedy unless the Court issues the writ.

75. The Collateral has not been taken for a tax, assessment or fine; seized under a writ against the property of the Plaintiff.

76. Other than Plaintiff, no other party claims an interest in the Collateral.

77. Given Borrower's possession of the Collateral, it is within the Borrower's power to conceal, waste, encumber, convert, convey, or remove the Collateral from the jurisdiction of the Court, which would render Plaintiff's post-judgment remedy inadequate.

78. In the alternative to other Counts, Plaintiff seeks this relief as permissible intermediate relief under the Agreements, without waiving any and all other causes of action and rights it may have against Borrower and/or other persons, all of which are reserved.

HB: 4851-9838-7900.5

WHEREFORE, Plaintiff prays in the alternative to the relief requested in the other Counts to the complaint that this Court enter an Order of Possession in favor of Plaintiff, causing the surrender or repossession of the Collateral.

Dated: July 28, 2020.

>Respectfully submitted,
>
>**BMO HARRIS BANK N.A.**
>
>By: /s/ George E. Stewart
>
>George E. Stewart (VSB No. 91097)
>Husch Blackwell LLP
>750 17th Street, NW, Suite 900
>Washington, D.C. 20006
>Telephone: (202) 378-2307
>Facsimile: (202) 378-2319
>george.stewart@huschblackwell.com
>
>*Attorneys for BMO Harris Bank N.A.*

# VERIFICATION

STATE OF IOWA            )
                         ) SS
COUNTY OF LINN           )

I, Sheila Aschenbrenner, on oath state that:

1. I am employed by BMO Harris Bank N.A. ("Plaintiff"), as a Litigation Specialist and maintain an office at 3925 Fountains Dr. NE, Cedar Rapids, Iowa 52411.

2. Plaintiff is the owner of the accounts of 64 Ways Trucking/Hauling LLC ("Borrower"). I am authorized to make this Verification on behalf of Plaintiff.

3. I am charged with administering Plaintiff's account with Borrower and am a custodian of the business records and credit files relating to the accounts of Borrower with Plaintiff. I certify that such documentation is maintained by Plaintiff in the ordinary course of its business and as a regular practice.

4. I have read the foregoing Verified Complaint and based upon personal knowledge and the business records of Plaintiff verify that the facts stated in it are true.

I declare under penalty of perjury that the foregoing is true and correct.

*Sheila Aschenbrenner*
Sheila Aschenbrenner